TRINETTE G. KENT (State Bar No. 025180)
3219 East Camelback Road, #588
Phoenix, AZ 85018
Telephone: (480) 247-9644
Facsimile: (480) 717-4781
E-mail: tkent@lemberglaw.com

Of Counsel to
Lemberg Law, LLC
43 Danbury Road
Wilton, CT 06897
Telephone: (203) 653-2250
Facsimile: (203) 653-3424

Attorneys for Plaintiff,
Steven Whetten

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Steven Whetten, | Case No.: |
| Plaintiff, | |
| vs. | **COMPLAINT** |
| NCB Management Services, Inc., | |
| Defendant. | **JURY TRIAL DEMANDED** |

Plaintiff, Steven Whetten (hereafter "Plaintiff"), by undersigned counsel, brings the following complaint against NCB Management Services, Inc. (hereafter "Defendant") and alleges as follows:

## JURISDICTION

1. This action arises out of Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA").

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

3. Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b), where the acts and transactions giving rise to Plaintiff's action occurred in this district and/or where Defendant transacts business in this district.

## PARTIES

4. Plaintiff is an adult individual residing in Scottsdale, Arizona, and is a "person" as defined by 1 U.S.C. § 1.

5. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

6. Defendant is a business entity located in Trevose, Pennsylvania, and is a "person" as the term is defined by 1 U.S.C. § 1.

7. Defendant uses instrumentalities of interstate commerce or the mails in a business the principle purpose of which is the collection of debts and/or regularly collects or attempts to collect debts owed or asserted to be owed to another, and is a "debt collector" as defined by 15 U.S.C.§ 1692a(6).

## **ALLEGATIONS APPLICABLE TO ALL COUNTS**

8. Plaintiff is a natural person allegedly obligated to pay a debt asserted to be owed to a creditor other than Defendant.

9. Plaintiff's alleged obligation arises from a transaction in which property, services or money was acquired on credit primarily for personal, family or household purposes, is a "debt" as defined by 15 U.S.C. § 1692a(5).

10. At all times mentioned herein where Defendant communicated with any person via telephone, such communication was done via Defendant's agent, representative or employee.

11. On or about March 12, 2019, Defendant called Plaintiff in an attempt to collect a debt.

12. During the live conversation that ensued, Defendant pressured Plaintiff into making an immediate payment using misleading statements and misrepresentations.

13. Plaintiff offered to pay Defendant $100.00 per month towards the alleged debt, but stated that he could not make an immediate payment,

14. Defendant responded, stating, "So you refuse to pay!"

15. When Plaintiff reiterated that he could make payments, but that he couldn't pay immediately, Defendant misrepresented that it would report the alleged debt to the credit reporting bureaus, "impacting" his credit score.

3

16. Upon information and belief, Defendant's agent make the above statement for the sole purpose of pressuring Plaintiff into making an immediate payment, as the agent lacked the means and intent to carry out the threat when the statement was made.

17. Defendant's actions caused Plaintiff to suffer a significant amount of stress and anxiety.

## COUNT I

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692, *et seq.*

18. Plaintiff incorporates by reference all of the above paragraphs of this complaint as though fully stated herein.

19. The FDCPA was passed in order to protect consumers from the use of abusive, deceptive and unfair debt collection practices and in order to eliminate such practices.

20. Defendant attempted to collect a debt from Plaintiff and engaged in "communications" as defined by 15 U.S.C. § 1692a(2).

21. Defendant used false, deceptive, or misleading representations or means in connection with the collection of a debt, in violation of 15 U.S.C. § 1692e.

22. Defendant threatened to take action that Defendant did not intend to take, in violation of 15 U.S.C. § 1692e(5)

23.  The foregoing acts and/or omissions of Defendant constitute violations of the FDCPA, including every one of the above-cited provisions.

24.  Plaintiff was harmed and is entitled to damages as a result of Defendant's violations.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendant for:

A. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

B. Statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A);

C. Costs of litigation and reasonable attorneys' fees pursuant to 15 U.S.C. § 1692k(a)(3) and Cal. Civ. Code § 1788.30(c);

D. Punitive damages; and

E. Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

DATED:  June 20, 2019                    TRINETTE G. KENT

By:  /s/  Trinette G. Kent
Trinette G. Kent, Esq.
Lemberg Law, LLC
Attorney for Plaintiff, Steven Whetten